# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 19-51030
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANASTACIO CASTRUITA-ESCOBEDO, also known as Armando Castro,

Defendant-Appellant

_____

Consolidated with 19-51031

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANASTACIO CASTRUITA-ESCOBEDO, also known as Armando Castro, also known as Armando Castro-Escobedo,

Defendant - Appellant

————————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:15-CR-255-1
USDC No. 4:19-CR-36-1

————————————

No. 19-51030

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Anastacio Castruita-Escobedo pleaded guilty to illegal reentry following removal in violation of 8 U.S.C. § 1326. He appeals the denial of his motion to dismiss the indictment. He also appeals a separate revocation judgment but raises no challenge to the revocation of his supervised release.

As to his illegal reentry conviction, Castruita-Escobedo maintains that his order of removal was defective—and, thus, his removal was void—because the notice to appear did not specify a date and time for the removal hearing; he suggests that the invalidity of his removal precludes it from being used to support his illegal reentry conviction. Further, he asserts that he may attack collaterally his removal order under § 1326(d) because the insufficiency of the notice to appear—which invalidated the removal proceeding—excused him from having to establish administrative exhaustion and deprivation of judicial review and rendered the proceeding fundamentally unfair. He acknowledges that his arguments are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *cert. denied*, 2020 WL 2515686 (U.S. May 18, 2020) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779), and indicates that he raises the issues to preserve them for further review.

The Government agrees that the issues are foreclosed by *Pedroza-Rocha* and *Pierre-Paul* and has filed an unopposed motion for summary affirmance. Alternatively, the Government requests an extension of time to file a brief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-51030

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). In *Pierre-Paul*, this court determined that a notice to appear that omits the date, time, or place of a removal hearing is not defective and, in any event, the defect would not be jurisdictional. 930 F.3d at 689-93. Applying *Pierre-Paul*, this court in *Pedroza-Rocha* concluded that the notice to appear was not deficient, that the purported deficiency would not deprive the immigration court of jurisdiction, and that the defendant had to exhaust his administrative remedies before he could collaterally attack his removal order. 933 F.3d at 496-98. Therefore, the arguments that Castruita-Escobedo has asserted on appeal are foreclosed. *See Pedroza-Rocha*, 933 F.3d at 496-98; *Pierre-Paul*, 930 F.3d at 689-93.

Accordingly, the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file a brief is DENIED. The judgments of the district court are AFFIRMED.